UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:02-CR-228 |
| v. | Hon. Richard Alan Enslen |
| JAMES MARSHALL WEST, | |
| Defendant. | **OPINION** |
| _____/ | |

This matter is before the Court on Defendant James Marshall West's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant's Motion argues that he was denied his right to appeal his sentence by the conduct of his erstwhile attorney. The Motion has been sufficiently briefed and does not require oral argument.

**BACKGROUND**

Defendant was sentenced on March 19, 2003 to a term of 78 months incarceration for controlled substance distribution in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). His criminal judgment was entered two days later, on March 21, 2003. Defendant's sentence followed a guilty plea made in accordance with a plea agreement. Defendant's sentence was at the minimum of the applicable guideline range (total offense level 27, criminal history category II, range 78-97 months). Neither Defendant nor defense counsel made any objection to the scoring either in advance of sentencing or at the formal sentencing hearing. The range imposed included a two-point enhancement under section 3C1.2 of the United States Sentencing Guideline Manual for creating a substantial risk of death or serious bodily injury to another in the course of fleeing law enforcement.

The Pre-Sentence Investigation Report indicates that Defendant, prior to his arrest, fled at twice the lawful speed through a residential neighborhood. (Pre-Sentence Investigation Report, ¶ 22.) The chase did not end until Defendant, after failing to stop at several stop signs, collided with another vehicle. (*Id.*)

After the imposition of judgment, no appeal was filed. The next docket entry is recorded as of March 7, 2005–after the United States Supreme Court's holding in *United States v. Booker*, – U.S. –, 125 S. Ct. 738 (Jan. 12, 2005). The filing of March 7, 2005 was a *pro se* motion for permission to file a belated appeal. Because the motion was made outside the time period for belated appeals under Federal Rule of Appellate Procedure 4(b)(4), it was denied by Order of March 9, 2005. However, in denying it, because of the potential for an argument that Defendant's Sixth Amendment right to counsel to assist in a direct appeal had been violated, the Court also ordered the Clerk to send to Defendant a section 2255 form.

Defendant's subsequent section 2255 motion was then received by the Clerk on April 6, 2005. The section 2255 motion is dated March 30, 2005, which date is assumed to be its filing date. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Defendant's section 2255 motion asserts two "issues"–though one of the "issues" is simply a procedural argument as to why the Court should review the substantive issue. The substantive issue is that Defendant claims that his defense counsel ignored explicit instructions from him to appeal his sentence in violation of the Sixth Amendment to the United States Constitution. (West Aff. at 1.) More particularly, Defendant swears that "[d]uring the month of March 19, 2003 . . . I . . . after sentencing requested my Attorney Todd M. Robinson to file a Notice of Appeal [b]ecause I wanted to [a]ppeal the [o]bstruction of [j]ustice

enhancement [sic]."[1]  If Defendant's claims about Robinson's conduct were true, then such would violate his Constitutional right to effective assistance of counsel and to appeal as explained in *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) and *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  This is true even if the appeal would have been plainly meritless.  *Id.*  The procedural "issue" asserted in the motion relates to its delayed filing.  Defendant claims that he is entitled to file his section 2255 motion approximately one year after the running of the one-year limitation period because of "equitable tolling"–in that he was misled by claims of counsel to have actually filed the appeal until some unspecified date.[2]  (West Aff. at 1.)

## **LEGAL STANDARDS**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) summarized the basic legal standards for relief under 28 U.S.C. § 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993).  To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*.  Technical violations of the sentencing guidelines do not warrant relief under the statute.  *See*

---

[1] As noted above, no obstruction of justice enhancement under section 3C1.1 was imposed as part of Defendant's sentence, though a reckless endangerment enhancement was added.

[2] Though for the purpose of this Motion, the Court assumes the Affidavit to be true, the Affidavit is a clear example of perjury.  Defendant had stated in his prior March 7, 2005 filing that defense counsel was deficient in failing to consult with Defendant to ascertain whether Defendant wanted to appeal.  (Mot. at 1-2.)  Defendant's Affidavit changes the story dramatically by indicating that Defendant had requested an appeal; defense counsel had not acted on the request; and defense counsel had lied about the filing of the appeal.  (West Aff. at 1.)

*Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

## LEGAL ANALYSIS

Timing is important in life and none the less in the courts of law. This Court has recently denied several section 2255 motions seeking relief under *Booker* because the rule in *Booker* is not to be applied retroactively to cases which were not on appeal prior to its date of decision. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. Feb. 25, 2005). What Defendant has discovered, for those not bashful of perjury, is that a successful argument in a section 2255 motion premised on the failure of defense counsel to appeal (a *Roe* argument) can circumvent the rule in *Humphress* that *Booker* is not retroactive. This is because the relief afforded as to a successful *Roe* argument is that an amended judgment is entered with a new entry date (now after the decision date in *Booker*). *See United States v. Fuller*, 332 F.3d 60, 65-66 (2nd Cir. 2003) (Judge Newman) (finding this to be the appropriate remedy for a *Roe* violation).

However, the maker of a *Roe* argument, whether perjured or not, is still subject to the one-year limitation period of 28 U.S.C. § 2255. This limitation period is tolled during the time of appeal, but when an appeal is not timely filed the limitation period begins to run on the expiration of the ten-day limitation period under Federal Rule of Appellate Procedure 4(b)(4) for the filing of a notice of appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); *compare Clay v. United States,* 537 U.S. 522, 528-32 (2003) (discussing tolling when an appeal of right is filed and

decided). This means that Defendant's one-year limitation period began to run in early April 2003 and expired in early April 2004.[3]

To overcome the obvious limitation problem, Defendant argues that he is entitled to equitable tolling because his attorney lied to him about the filing of the appeal. Notably absent from Defendant's account in his Affidavit is any explanation of when or how he discovered that the appeal was not filed. Therefore, the Court must simply assume for the purpose of this record that he learned this fact shortly before his March 2005 motion requesting a delayed appeal.

While Defendant is untrained in the law and has claimed the benefit of equitable tolling, such relief is granted sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The burden of establishing tolling is on the defendant. *Id.* To make such a showing, a defendant must show that: (1) he was diligently pursuing his rights; and (2) some extraordinary circumstances stood in the way of his timely compliance. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (U.S. Apr. 27, 2005); *see also Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). In this case, Defendant has made no such showing and the lengthy equitable extension sought is unwarranted.

---

[3]The United States calculated that the period began to run on March 31, 2003. That calculation is slightly early because the United States failed to credit Defendant with the intervening weekend days under Federal Rule of Appellate Procedure 26(a)(2). *See Sanchez-Castellano*, 358 F.3d at 425, n.2 (explaining that Rule 26(a)(3) operates in the calculation of the ten-day period); *United States v. Shank*, 395 F.3d 466, 469 (4th Cir. 2005) (applying Rule 26(a)(2) to exclude intervening weekends in computing the ten-day appeal period); *see also* Fed. R. App. P. 26, advisory comm. notes to 2002 amendments to (a)(2) (explaining Rule 26(a)(2) was amended in 2002 to make its exclusion of intervening weekends and holidays applicable to time periods less than 11 days--as opposed to time periods of less than seven days–the reading of the prior rule). Incidentally, Rule 26(a)(2) did not operate to exclude intervening weekends in the *Sanchez-Castellano* case because the time period at issue there was long before the 2002 amendment to Rule 26(a)(2).

The instant case is comparable to *Dunlap v. United States,* 250 F.3d 1001 (6th Cir. 2001). In *Dunlap*, the defendant had filed premature section 2255 motions (during the pendency of his appeal) so that he had been alerted by the district court that his pending appeal was tolling his one-year limitation period. Despite such notice, after the decision on the appeal, the defendant failed to file a timely section 2255 motion. He then offered no explanation as to why he was late except for his effort to file the earlier dismissed section 2255 motions. The Sixth Circuit held that these circumstances did not warrant a two-month equitable extension:

> Considering the factors set out in *Andrews v. Orr,* we conclude that Petitioner has failed to meet his burden of proof. In the instant case, Petitioner filed two premature habeas petitions, both of which the district court dismissed without prejudice, stating that they were premature because Petitioner's conviction was not final, *i.e.*, the case had not been resolved on direct appeal. The district court therefore put Petitioner on notice that although he needed to file his petition timely, he had to wait until his direct appeal had been resolved. Petitioner's conviction became final on January 15, 1998 . . . Yet, Petitioner did not file his third petition for habeas corpus until April 13, 1999. Petitioner offers no explanation for this delay, despite the district court's request that he do so. Petitioner simply relies on the fact that he had filed two earlier premature petitions. We do not consider Petitioner's reason compelling.

*Dunlap*, 250 F.3d at 1010.

In the instant case, as in *Dunlap*, there is no justification for the great delay in filing. Indeed, the delay at issue here is much longer than the delay at issue in *Dunlap.* Defendant's explanation for the delay is that counsel lied to him about the filing of the notice of appeal. Assuming this is true, Defendant still should have discovered the lie long before the expiration of the limitation period.

In this Circuit, the first appellant's brief is typically filed within months, not years, of the docketing of a notice of appeal even if a transcript is necessary to complete the record. (*See* Fed. R. App. P. 31(a), R. 10(b) & R. 11; Sixth Circuit I.O.P. 31 & I.O.P 28.) The preparation of the record

in this District is expedited in that the use of the ECF system eliminates the need for the Clerk to forward items on the ECF system to the Sixth Circuit Clerk. Under Sixth Circuit Internal Operating Procedure 28(c), the Sixth Circuit's briefing schedule in all direct criminal appeals is done on an expedited basis. Therefore, assuming Defendant's tale that counsel promptly lied to him about filing the notice of appeal, he would have expected to have conversations and correspondence with counsel about the appellate briefing long before the expiration of the one-year limitation period. In the absence of any evidence about those kinds of conversations or any evidence of an elaborate ruse by counsel to fool Defendant that an appeal was ongoing, then a defendant exercising ordinary diligence concerning his appeal would have discovered long before the expiration of the one-year limitation period that no criminal appeal had been filed. As argued by Plaintiff, the fact that no appeal was filed would have been apparent following a simple telephone call or letter to the Sixth Circuit at any time within the one-year limitation period.

In this case, Defendant waited almost two years before filing his section 2255 motion. Aside from the initial lie of counsel, he has no explanation as to why he continued to believe that a criminal appeal was pending on his behalf. He has no account or explanation as to how he "learned" that his appeal was not pending. He has simply not shown reasonable diligence to justify the lengthy equitable extension sought. *See also Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (holding that section 2255 movant had not exercised reasonable diligence as to his attorney's filing of his criminal appeal and did not warrant an equitable extension); *Schlueter v. Varner*, 384 F.3d 69, 76-79 (3rd Cir. 2004) (holding that habeas petitioner's request for an equitable extension of the one-year filing period was not justified by attorney misconduct where the petitioner had not exercised reasonable diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that lack of

reasonable diligence by habeas petitioner prevented the granting of an equitable extension to him); *Brown v. United States*, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) (holding that ineffective assistance of counsel did not warrant equitable extension of section 2255 filing period) .

### **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability to Defendant as to the two "issues" asserted. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the motion is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the two "issues" raised and the strong procedural reason (the limitation period) for denying relief, the Court determines that this standard is not met as to the two "issues."

### **CONCLUSION**

Therefore, a Final Order shall issue denying Defendant's section 2255 Motion and denying a certificate of appealability.

DATED in Kalamazoo, MI:  
     July 21, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE