# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**JAMES MARSHALL WEST**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:02-CR-228**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was released from prison on August 3, 2008, after completing a 5 year sentence for drugs. While in prison, the defendant had a somewhat mixed record. He obtained his GED but failed to complete drug counseling. He was sanctioned for refusing to obey an order and being insolent in July 2004, possession of an unauthorized item in July 2004, possession of drugs in December 2004, use of drugs in May 2005, assaulting without serious injury in December 2005, and possession of an unauthorized item (continued on attachment)

## Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there is a condition or combination of conditions that will assure the safety of the community, based on the fact that despite the considerable liberty afforded the defendant since his release from prison, he has in a relatively short period of time incurred separate charges in four different state courts and has tested positive for the use of drugs on three other occasions, all while under the supervision of this federal court. It is evident defendant is unwilling, and perhaps as far as drugs are concerned unable, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 14, 2009

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**United States v. James Marshall West**
**1:02-CR-228**
**ORDER OF DETENTION PENDING REVOCATION HEARING**
**Page 2.**

**Alternate Findings (B) - (continued)**

in February 2006. A year later, in February 2007, defendant was assigned to a Special Housing Unit due to his assaultive and violent behavior, although no incidents were reported during the intervening year. However, the following month, on March 15, 2007, defendant allegedly stabbed another prisoner with a homemade shank. Notwithstanding all of this, he received a good conduct release from prison in August 2008. Since that time, his behavior while on supervised release has been abysmal.

In October 2008, the Lansing police seized 93 ecstacy tablets from his bedroom. He was subsequently charged with retail fraud in the 56th District Court, the 65-A District Court, and the 54-B District Court. (This court elected to take no action on these allegations until the state cases were disposed of.)

On February 23, 2009, defendant tested positive for THC metabolite (this court again elected to take no action to allow defendant to participate in relapse substance abuse counseling and watch a TV series called Intervention). Defendant failed to contact this drug program.

On March 27, 2009, defendant against tested positive for THC metabolite. He was again directed to contact relapse counseling.

On April 1, 2009, defendant tested positive for cocaine, and has admitted this use.

On April 2, 2009, defendant was arrested by the FBI on a two-count federal Indictment out of the District of Kansas arising out of a prison stabbing while defendant was incarcerated in Leavenworth.

**Part II – Written Statement of Reasons for Detention - (continued)**

to conform his behavior to acceptable norms notwithstanding the considerable latitude afforded him by the Probation Department.